UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHARLES J. ANTHONY, SR.,

                                  Plaintiff,

v.                                                                 5:15-CV-00451
                                                                (DNH/TWD)

HEATHER BROCKWAY,

                                  Defendant.
_____

APPEARANCES:

CHARLES J. ANTHONY, SR.
Plaintiff *pro se*
8819 Gaskin Road
Clay, New York 13041

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

The Clerk has submitted Plaintiff's pro se second amended complaint, third application to proceed *in forma pauperis* ("IFP Application"), and a motion for appointment of counsel to the Court for review in this civil rights action brought pursuant to 42 U.S.C. § 1983. (Dkt. Nos. 12-14.) Plaintiff Charles J. Anthony presented his original pro se complaint for filing and IFP Application on April 15, 2015. (Dkt. Nos. 1 and 2.) Before the Court had acted upon Plaintiff's initial pro se complaint and IFP Application, Plaintiff presented an amended/supplemental complaint for filing and a second IFP Application, both of which were submitted to the Court for review by the Clerk. (Dkt. Nos. 5 and 6.) Even though Plaintiff's original complaint was superseded by his amended/supplemental complaint, because of his pro se status, the Court considered the allegations in both complaints in its initial review pursuant to 28 U.S.C.

§ 1915(e)(2)(B). (Dkt. No. 8.)

Upon initial review, the Court recommended, *inter alia*, that Plaintiff's amended/supplemental complaint be dismissed with leave to amend. (Dkt. No. 8 at 10.) The District Court accepted the recommendation and dismissed Plaintiff's amended/supplemental complaint with leave to amend his § 1983 claim. (Dkt. No. 9.)

## I.     PLAINTIFF'S THIRD IFP APPLICATION

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). After reviewing Plaintiff's third IFP application, the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's third IFP application (Dkt. No. 13) is granted.

## II.    LEGAL STANDARDS FOR INITIAL REVIEW

As explained in the Court's earlier Order and Report-Recommendation in this case (Dkt. No. 8), even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil

2

Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

### III. ANALYSIS

Plaintiff sued Defendant Heather Brockway ("Brockway"), an Onondaga County Sheriff's Deputy, under 42 U.S.C. § 1983, claiming that testimony she had given regarding service of process on Plaintiff in a state court foreclosure action was defamatory and had tended to expose him to "public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons and deprive him of their friendly interaction in

3

society." (Dkt. No. 5 at 2.) The testimony at issue was that Plaintiff was "'Suicidal', 'mental', 'resists' and he 'kills cops.'" *Id*.

In its Order and Report-Recommendation, filed on April 28, 2015, the Court denied Plaintiff's first IFP Application (Dkt. No. 2) as moot and granted Plaintiff's second IFP Application (Dkt. No. 6) solely for the purpose of initial review. (Dkt. No. 8 at 9.) The Court concluded that Plaintiff had failed to state a claim under § 1983 and recommended dismissal with leave to amend. *Id.* The Court further recommended that the District Court decline to exercise supplemental jurisdiction over Plaintiff's state law defamation claim without prejudice and subject to refiling in state court and reconsideration by the District Court in the event Plaintiff submitted an amended complaint stating a claim. *Id*. at 9-10. In a May 27, 2015, Decision and Order, the Hon. David N. Hurd, United States District Judge, accepted the Report-Recommendation. (Dkt. No. 9.) Judge Hurd declined to exercise supplemental jurisdiction over the state law defamation claim without prejudice to reconsideration and granted plaintiff leave to amend to correct the deficiencies in his § 1983 claim that had been discussed in this Court's Order and Report-Recommendation. *Id*. at 2.

Plaintiff's second amended complaint (Dkt. No. 12), as with his amended/supplemental complaint, fails to state a claim under § 1983. As explained in the Court's Order and Report-Recommendation on initial review of Plaintiff's amended/supplemental complaint, defamation is generally an issue of state law, not federal constitutional law. *Vega v. Lantz*, 596 F.3d 77, 81 (2d Cir. 2010). Plaintiff was granted leave to amend his complaint because a defamation claim can be brought under § 1983 when the plaintiff can demonstrate "a stigmatizing statement plus a deprivation of a tangible interest." *Gerrard v. Burns*, No. 7:14-CV-1235, 2015 WL 1534416, at

4

*3, 2015 U.S. Dist. LEXIS 44419, at * 8 (N.D.N.Y. April 6, 2015) (Hurd, D.J.)[1] (quoting *Vega*, 596 F.3d at 81). The action is one for violation of a liberty or property interest protected by due process, *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004).

As explained to Plaintiff in the Court's initial Order and Report-Recommendation, "[t]o prevail on a 'stigma plus' claim, a plaintiff must show (1) the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false, and (2) a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." *Id*. (internal quotation marks omitted). The state-imposed burden or alteration of status "must be in addition to the stigmatizing statement." *Id*. (citation and internal quotation marks omitted). A "'deleterious effect [flowing] directly from a sullied reputation,' standing alone, does not constitute a 'plus' under the 'stigma plus' doctrine." *Sadallah*, 383 F.3d at 38; *Komlosi v. New York State Office of Mental Retardation and Developmental Disabilities*, 64 F.3d 810, 817 (2d Cir. 1995) ("[T]he Supreme Court [has] recognized that . . . damage to reputation alone is insufficient to establish a claim for harm to a liberty interest. . . .").

In his second amended complaint, Plaintiff claims in wholly conclusory fashion that Brockway's statements concerning him swayed Judge Murphy to rule illegally against him in the foreclosure action. (Dkt. No. 12 at 2, 4.) To plead a cognizable claim, a complaint must allege enough facts "to state a claim that is plausible on its face." *Twombly*, 550 U.S. at 570. As explained above, for a claim to have facial plausibility, the plaintiff must plead factual content

---

[1] A copy of the unpublished decision will be provided to Plaintiff in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Even in a pro se case, "conclusory statements, do not suffice." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). Plaintiff has not pleaded a single specific fact that supports his claim that Judge Murphy was swayed into ruling against him in the foreclosure action by Brockway's allegedly defamatory testimony.

The Court finds that Plaintiff has failed to state a plausible claim for violation of § 1983 with respect to Brockway's allegedly defamatory testimony. Plaintiff has already been given one opportunity to amend his complaint to state a claim under § 1983, and there is nothing in his second amended complaint suggesting that Plaintiff could do better given another opportunity. Therefore, the Court recommends that Plaintiff's second amended complaint (Dkt. No. 12) be dismissed with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV. MOTION FOR APPOINTMENT OF COUNSEL

For the reasons set forth above, this Court has found that Plaintiff's second amended complaint does not state a claim, and has recommended that the amended pleading be dismissed with prejudice. Therefore, Plaintiff's motion for appointment of counsel (Dkt. No. 14) is denied.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's third IFP application (Dkt. No. 13) is **GRANTED**; and it is

**RECOMMENDED** that Plaintiff's second amended complaint (Dkt. No. 12) be **DISMISSED WITH PREJUDICE**; and it is

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED**, that the Clerk provide Plaintiff with a copy of this Order and Report-

Recommendation and with copy of the unpublished decision in *Gerrard v. Burns*, No. 7:14-CV-1235, 2015 WL 1534416 (N.D.N.Y. April 6, 2015) in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: September 4, 2015
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge



Slip Copy, 2015 WL 1534416 (N.D.N.Y.)
**(Cite as: 2015 WL 1534416 (N.D.N.Y.))**

Only the Westlaw citation is currently available.

United States District Court,
N.D. New York.
Gerald T. GERRARD, Plaintiff,
v.
John BURNS; Jefferson County Sheriff Department;
and Jefferson County, New York, Defendants.

No. 7:14–CV–1235.
Signed April 6, 2015.

Gerald T. Gerrard, Black River, NY, pro se.

Jefferson County Attorney, Jefferson County Office Building, David J. Paulsen, Esq., of Counsel, Watertown, NY, for Defendants.

### *MEMORANDUM–DECISION and ORDER*
DAVID N. HURD, District Judge.
### I. INTRODUCTION
\*1 Plaintiff Gerald T. Gerrard ("plaintiff" or "Gerrard") brings a complaint against defendants John Burns ("Sheriff Burns"), Jefferson County Sheriff Department ("the Sheriff's Department"), and Jefferson County, New York asserting claims for defamation, respondeat superior, and breach of the right to privacy under New York Civil Rights Law section 50–a. Plaintiff seeks $25 million in compensatory damages.

Defendants move to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure ("Rule ___") 12(b)(1). [FN1] No opposition was filed by plaintiff despite requesting and being granted an extension of time in which to respond.

> FN1. Although the motion is made solely under Rule 12(b)(1) and defendants argue lack of subject matter jurisdiction, they also argue the allegations are insufficient to state claims for defamation, respondeat superior, and violation of New York Civil Rights Law section 50–a. Accordingly, it is fair to say the motion is also made under Rule 12(b)(6) for failure to state a claim.

The motion was taken on its submissions and without oral argument.

### II. BACKGROUND
The following facts, taken from the complaint, are assumed true for purposes of the motions to dismiss. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002).

Gerrard was employed by the Sheriff's Department from 1977 through 1992. Throughout his tenure, he was never subject to any disciplinary action. In February 1991, derogatory comments were made regarding plaintiff's sexuality. [FN2] When he demanded that a written apology be placed in his personnel file, the offending party refused to comply, but verbally stated he or she was sorry. Following this incident, Gerrard became the subject of ridicule and the target of the Sheriff's Department and its employees.

> FN2. Plaintiff also alleges that in 1989, an employee of the Sheriff's Department attempted to break into employee personnel records and subsequently resigned from her position. It is unclear how this relates to the derogatory comments made about plaintiff in 1991.

In September 1991, plaintiff injured his knee while working. He underwent surgery and took over a year off from work. The Sheriff's Department's policy at the time guaranteed an employment position for injured workers for up to one year after the date of an injury. Based on the policy, Gerrard was not allowed to return to work after he was cleared by his physicians. Despite the policy, other injured workers in the preceding and following years who were forced to miss over a year of work were allowed to return to employment at the Sheriff's Department.

In the twenty-one years following his departure from the Sheriff's Department, plaintiff repeatedly tried to return to a position in the law enforcement field. When Gerrard applied for a position as a driver for a tree-cutting service, an Under Sheriff at the Sheriff's Department advised the potential employer that plaintiff "was skizoid, had [his] gun taken away, could deal with the public, and refused to return to work." [FN3] Compl. ¶ 20. Despite his efforts, Gerrard was unable to find work and suffered severe financial loss. He eventually began looking for lower paying positions outside of the field of law enforcement and returned to school to pursue a paralegal degree. He continued having problems finding employment.

> FN3. Asserting that plaintiff "could deal with the public" is possibly a typo; presumably the Under Sheriff advised that plaintiff "could *not* deal with the public."

In October 2013, plaintiff considered applying for a security job at a National Aeronautics and Space Administration site. He suspected that someone at the Sheriff's Department was sabotaging his efforts to obtain employment, so he hired an individual to investigate how he was being portrayed by the defendants to potential employers. As a result of this investigation, Gerrard learned he was being portrayed as a mentally disturbed individual who was not a suitable employee.

### III. *DISCUSSION*

**\*2** As noted, Gerrard has not filed any opposition to defendants' motion. Pursuant to Local Rule 7.1(b)(3), "[w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement ... the non-moving party's failure to file or serve any papers ... shall be deemed as consent to the granting ... of the motion ... unless good cause be shown." Here, defendants' motion to dismiss is properly filed, plaintiff has failed to oppose it (despite being granted an extension of time to do so), and plaintiff has failed to show good cause. Therefore, it must be determined whether defendants have met their "burden to demonstrate entitlement" to dismissal. An inquiry into whether a movant has met its "burden to demonstrate entitlement" to dismissal under Local Rule 7.1(b)(3) is a more limited endeavor than a review of a contested motion to dismiss. *See e.g., Herring v. Tabor,* No. 9:12–CV–1739, 2014 WL 2946545, at *5 (N.D.N.Y. June 30, 2014) (noting that where a defendant's motion to dismiss is unopposed, the "burden of persuasion is lightened such that, in order to succeed, the motion need only be 'facially meritorious.' ").

**A.** *Rule 12(b)(1)*
A district court properly dismisses a case for lack of subject matter jurisdiction where it "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). Subject matter jurisdiction may be based on either a federal question or the complete diversity of citizenship of the parties. 28 U.S.C. §§ 1331, 1332; *Perpetual Sec., Inc. v. Tang,* 290 F.3d 132, 136 (2d Cir.2002). Federal question jurisdiction exists where the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Greenberg v. Bear, Stearns & Co.,* 220 F.3d 22, 25 (2d Cir.2000) (internal quotations omitted). The plaintiff bears the burden to prove the existence of subject matter jurisdiction by a

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2015 WL 1534416 (N.D.N.Y.)
**(Cite as: 2015 WL 1534416 (N.D.N.Y.))**

preponderance of the evidence. *Makarova,* 201 F.3d at 113.

**B.** *Rule 12(b)(6)* [FN4]

> FN4. Although they have not specifically moved under 12(b)(6), defendants do attack the sufficiency of plaintiff's allegations. Further, as explained in detail below, the claims asserted in the complaint are, on their face, state law claims. However, construed liberally, some allegations could be read as asserting constitutional violations, but those claims would fail for the reasons discussed below. Therefore, in the interest of thoroughness, the standard for failure to state a claim upon which relief may be granted is included here.

To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(a)(2), more than mere conclusions are required. Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

Dismissal is appropriate only where a plaintiff has failed to provide some basis for the allegations that support the elements of his claims. *See Twombly,* 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face"). When considering a motion to dismiss, the complaint is to be construed liberally, all factual allegations are to be deemed true, and all reasonable inferences must be drawn in the plaintiff's favor. *Chambers,* 282 F.3d at 152.

**C.** *Pro Se Plaintiff*

**\*3** Submissions by pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers," *Ferran v. Town of Nassau,* 11 F.3d 21, 22 (2d Cir.1993) (internal quotations omitted), and their pleadings are to be liberally construed "to raise the strongest arguments that they suggest." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999). The obligation to be lenient while reading a pro se plaintiff's pleadings "applies with particular force when the plaintiff's civil rights are at issue." *Jackson v. N.Y.S. Dep't of Labor,* 709 F.Supp.2d 218, 224 (S.D.N.Y.2010) (citing *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir.2004)). Nonetheless, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir.2006) (internal quotations omitted)); *see also Zapolski v. Fed. Republic of Germany,* 425 F. App'x 5, 6 (2d Cir.2011) (summary order) (pro se plaintiffs must plead sufficient facts to establish a plausible claim to relief and establish subject matter jurisdiction).

**D.** *Application*

In his complaint, Gerrard does not invoke § 1331 or § 1332.[FN5] Nor does he identify any specific federal substantive law that defendants allegedly violated or that provides an independent cause of action. He instead asserts these claims: defamation against Sheriff Burns (Count I); respondeat superior against Jefferson County and the Sheriff's Department (Count II); respondeat superior against Jefferson County (Count III); and breach of the right to privacy under New York Civil Rights Law section 50–a against Sheriff Burns, Jefferson County, and the Sheriff's Department (Count IV).

> FN5. Subject matter jurisdiction cannot be based on § 1332 as all parties are undisputably residents of New York.

**1.** *Defamation* **(Count I)**

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2015 WL 1534416 (N.D.N.Y.)
**(Cite as: 2015 WL 1534416 (N.D.N.Y.))**

"Generally, defamation is an issue of state, not of federal constitutional, law." *Vega v. Lantz,* 596 F.3d 77, 81 (2d Cir.2010). Under limited circumstances, a constitutional violation may be found when the defamation is committed by a government official. *Id.* A defamation claim can be brought as a civil rights violation pursuant to 42 U.S.C. § 1983 when a plaintiff can demonstrate "a stigmatizing statement plus a deprivation of a tangible interest." [FN6] *Id.* (quoting *Algarin v. Town of Wallkill,* 421 F.3d 137, 138 (2d Cir.2005)). To establish a "stigma plus" claim, a plaintiff must show: (1) "the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false," and (2) "a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights." *Sadallah v. City of Utica,* 383 F.3d 34, 38 (2d Cir.2004) (internal quotations omitted). The "state-imposed burden" or "alteration" of the plaintiff's status or rights must be in addition to the stigmatizing statement. *Id.* The Second Circuit has cautioned against conflating the "deleterious effects" of the defamation itself with the "additional state-imposed burden"-the "plus" "necessary for invoking the 'stigma plus' doctrine." *Id.* at 38–39.

> FN6. Although no where in the complaint has plaintiff pleaded a claim pursuant to § 1983, or a "stigma plus" claim, such a claim will be considered as plaintiff has asserted a defamation claim against Sheriff Burns, a government official. As Gerrard is proceeding pro se, his pleadings must be liberally construed to raise the strongest arguments that they suggest.

**\*4** Here, although plaintiff plausibly alleges the "stigma" piece of his claim-that the Sheriff's Department and/or Burns' publication of false and defamatory statements to prospective employers prevented him from obtaining employment-he fails to allege the "plus." As plaintiff alleges he did not return to work due to an injury and the Sheriff's Department's policy regarding absences longer than a year, he cannot argue a plus stemming from the loss of government employment. *See Smith v. Town of Stony Point,* No. 13 CV 5000, 2014 WL 2217900, at \*4 (S.D.N.Y. May 22, 2014) (citing *Siegert v. Gilley,* 500 U.S. 226, 234 (1991) (finding no liberty interest was implicated when alleged government defamation occurred subsequent to plaintiff's voluntary resignation from government employment); *Sadallah,* 383 F.3d at 38–39 (damage to reputation and resulting economic harm were direct "deleterious effects" of alleged defamation, and did not "satisfy the separate and independent 'plus' prong of the 'stigma plus' test")). Nor can plaintiff establish a "plus" based on his inability to continue to work in the field of law enforcement, as this is a direct consequence of the defamation itself. *See Smith,* 2014 WL 2217900, at \*4.

Accordingly, plaintiff cannot state a federal constitutional law claim based on the alleged defamatory statements. Defamation is generally a state law claim, and to the extent Gerrard's assertions could be liberally read to allege a stigma plus claim, he fails to allege the plus. Therefore, *Count I* cannot give rise to subject matter jurisdiction.

**2.** *Respondeat Superior* **(Counts II and III)**
Municipalities may be liable for common law torts committed by their employees under the doctrine of respondeat superior. *See e.g., L.B. v. Town of Chester,* 232 F.Supp.2d 227, 239 (S.D.N.Y.2002). *Count II* alleges respondeat superior liability on the part of the Sheriff's Department and Jefferson County for Sheriff Burns' alleged defamatory statements. As plaintiff's defamation claim is solely a state claim, *Count II* alleging liability for defamatory statements cannot confer subject matter jurisdiction.

Count III, although titled "Respondeat Superior," could be liberally construed to allege a negligent supervision or failure to train claim against Jefferson County. Under *Monell v. Department of Social Services,* 436 U.S. 658 (1978), a municipality may be

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2015 WL 1534416 (N.D.N.Y.)
**(Cite as: 2015 WL 1534416 (N.D.N.Y.))**

liable for constitutional violations if caused by: (1) a municipal policy; (2) a municipal custom or practice; or (3) the decision of a municipal policymaker. *See* Pearce v. Labella, 971 F.Supp.2d 255, 267 (N.D.N.Y.2013) (citing Monell, 436 U.S. at 694).

Plaintiff's conclusory allegations that Jefferson County "is responsible for hiring, supervising, and training agencies such as Defendant Sheriff's Department," "Defendant County has a duty to ensure its agencies act competently and ethically," and "Defendant County breached its duty to competently supervise the direction of Defendant Sheriff's Department and its employees," Compl. p. 5., allege no facts. Further, there is no underlying constitutional violation alleged for which it could be established that a Jefferson County custom or policy caused said violation. *See* Monell, 436 U.S. at 694. Accordingly, *Count III* cannot give rise to subject matter jurisdiction.

### 3. Section 50–a (Count IV)

**\*5** Plaintiff alleges his privacy was breached under New York Civil Rights Law section 50–a. Section 50–a provides:

> All personnel records used to evaluate performance toward continued employment or promotion, under the control of any police agency or department of the state or any political subdivision thereof ... shall be considered confidential and not subject to inspection or review without the express written consent of such police officer ... except as may be mandated by lawful court order.

N.Y. Civ. Rights Law § 50–a. Alone, this alleged violation of a state statute cannot sustain subject matter jurisdiction in federal court. Liberally construed, plaintiff could be alleging a procedural due process violation based on the state statute. To prevail on such a claim, Gerrard "must show he possessed a protected liberty or property interest in the privacy of his personnel file and was deprived of that interest without due process.[FN7] *Smith,* 2014 WL 2217900, at \*2 (citing McMenemy v. City of Rochester, 241 F.3d 279, 285–86 (2d Cir.2001)). He cannot do so however, as "New York courts have repeatedly upheld disclosures of the contents of police personnel files ... in furtherance of the police departments' official functions." *Id.* Just as in *Smith,* defendants here are alleged to have disclosed information from plaintiff's personnel file in furtherance of their official functions (responding to employment inquiries). 2014 WL 2217900, at \*2 (finding no procedural due process violation in substantially similar factual context). Section 50–a affords plaintiff no right to privacy in his personnel file under these circumstances, and therefore he cannot claim that defendants' disclosure of his personnel file deprived him of a property interest in violation of the Constitution.

> FN7. It is not entirely clear the connection between the alleged defamatory statements made to prospective employers and the contents of Gerrard's personnel file.

Accordingly, *Count IV* does not allege a violation of federal substantive law that would confer subject matter jurisdiction upon the undersigned.

### E. *Amendment*

In its current form, the complaint fails to assert any basis for subject matter jurisdiction, and even construed liberally, it also fails to state a claim upon which relief could be granted. Under such circumstances, a pro se litigant such as plaintiff would normally be granted an opportunity to amend his complaint. Thompson v. Carter, 284 F.3d 411, 416 (2d Cir.2002). However, such measures are not warranted here because, as explained above, any amendment would be futile. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir.2000) (dismissal is appropriate where leave to amend would be futile). In light of the above discussion, it is clear that plaintiff's complaint cannot proceed as drafted and any amendment would be futile.

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

**IV.** *CONCLUSION*

Gerrard asserts only state law claims over which subject matter jurisdiction is lacking. Even construing his allegations liberally, he cannot make out any federal claims. Because any amendment would be futile, leave to do so is not required. For these reasons, defendants' motion to dismiss plaintiff's complaint will be granted.

**\*6** Therefore, it is

ORDERED that

1. Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction is GRANTED;

2. Plaintiff's complaint is DISMISSED in its entirety; and

3. The Clerk is directed to serve a copy of this Memorandum–Decision and Order on the parties in accordance with the Local Rules, file a judgment accordingly, and close the file.

IT IS SO ORDERED.

N.D.N.Y.,2015.
Gerrard v. Burns
Slip Copy, 2015 WL 1534416 (N.D.N.Y.)

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.